IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| James Thomason and <br> Mariclare Thomason, Parents, <br> on behalf of E.T., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> Kenosha Unified School District, <br><br> Defendant. | Case No. 25-cv-1300 |

**KENOSHA UNIFIED SCHOOL DISTRICT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

NOW COMES the Defendant, Kenosha Unified School District ("District"), by and through its attorneys, Renning, Lewis & Lacy, s.c., and as and for its Answer, Affirmative Defenses, and Counterclaim to the Plaintiffs' Complaint, alleges and shows the Court as follows:

**INTRODUCTION**

1. As to the Introduction Paragraph of the Complaint, there are no allegations to which a response is required. To the extent that a response is required, the District admits that Plaintiffs filed a Due Process Hearing Request alleging that the District violated the Individuals with Disabilities Education Act (IDEA) and that an Administrative Law Judge issued an Amended Decision on July 16, 2025, finding in favor of the District and dismissing the Due Process Hearing Request. The District denies any and all remaining allegations.

1

## PARTIES & JURISDICTION

2. As to Paragraph 1 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

3. As to Paragraph 2 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

4. As to Paragraph 3 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

5. As to Paragraph 4 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

6. As to Paragraph 5 of the Complaint, the District admits the allegations.

7. As to Paragraph 6 of the Complaint, the District admits the allegations.

8. As to Paragraph 7 of the Complaint, the District admits the allegations.

9. As to Paragraph 8 of the Complaint, the District admits the allegations.

## FACTUAL ALLEGATIONS

10. As to Paragraph 9 of the Complaint, the District admits the age of E.T. The District denies any and all remaining allegations.

11. As to Paragraph 10 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

12. As to Paragraph 11 of the Complaint, the District admits that E.T. qualified for special education when she was a student in the District but lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

13. As to Paragraph 12 of the Complaint, the District admits that E.T. was admitted to the Neurobehavioral Unit at Kennedy Krieger Institute (KKI) on November 2, 2023, which is a residential therapeutic hospital setting and not an educational setting. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

14. As to Paragraph 13 of the Complaint, the District admits that KKI discharged E.T. on August 29, 2024. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

15. As to Paragraph 14 of the Complaint, the District admits that E.T. was enrolled at Indian Trail High School and Academy for the start of the 2024-2025 school year. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

16. As to Paragraph 15 of the Complaint, the District admits that E.T.'s Individualized Education Program (IEP) team met and created an IEP on or about June 11, 2024, prior to her discharge from KKI. The District further admits that the District's special health needs nurse developed an individual health plan (IHP) for E.T., with input from the Plaintiffs, on or about June 4, 2024. The District lacks knowledge

and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

17. As to Paragraph 16 of the Complaint, the District admits that the District's last functional behavioral assessment (FBA) of E.T. was conducted on December 7, 2016. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

18. As to Paragraph 17 of the Complaint, the District admits that the last BIP the District had developed for E.T. was in 2021. The District further admits that it wanted to gather data about E.T. in the school/educational setting before revising her BIP, and that it incorporated behavioral strategies from the KKI Behavior Plan into the June 2024 IEP and subsequent IEPs to address E.T.'s behavior. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

19. As to Paragraph 18 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

20. As to Paragraph 19 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

21. As to Paragraph 20 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

22. As to Paragraph 21 of the Complaint, the District admits that at the beginning of the school year, staff members took E.T. to a private bathroom for toileting. However, E.T. sometimes became aggressive in the bathroom, and it was too small of a room for staff to be able to back up and give E.T. space, which was a strategy recommended in the KKI Behavior Plan. The public restroom also was problematic because if E.T. became aggressive, it could pose a safety risk to other students in the restroom. Therefore, the staff began using a changing room that had a hydraulic lift table that was also used for other special needs students to change pull-ups. The District denies any and all remaining allegations.

23. As to Paragraph 22 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

24. As to Paragraph 23 of the Complaint, the District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same.

25. As to Paragraph 24 of the Complaint, the District admits that the IEP team met on October 4, 2024, and that the Plaintiffs expressed concerns related to E.T.'s iPad and TD Snap communication app, among other things. The District further admits that the IEP team met on January 15, 2025, to address the Plaintiffs' concerns and to review the BIP. The Plaintiffs expressed concerns about E.T. not having access to and using her TD Snap communication device, and the IEP team informed them that E.T. had access to her TD Snap all day at school. The District denies any and all remaining allegations.

26. As to Paragraph 25 of the Complaint, the District admits that the Plaintiffs filed their due process complaint on or around December 19, 2024. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations and therefore denies same

27. As to Paragraph 26 of the Complaint, the District admits that the parties attended mediation on January 27, 2025, that the parties were unable to resolve the issues, and the matter proceeded to hearing. The District denies any and all remaining allegations.

28. As to Paragraph 27 of the Complaint, the District admits the allegations.

29. As to Paragraph 28 of the Complaint, the District denies the allegations.

30. As to Paragraph 29 of the Complaint, the District denies the allegations.

31. As to Paragraph 30 of the Complaint, the District admits the allegations.

32. As to Paragraph 31 of the Complaint, the District admits that the Plaintiffs requested that E.T. participate in the Life, Learning, and Leisure summer program. The District also admits that the Life, Learning, and Leisure program serves students with significant disabilities, in grades first through twelfth and that students enrolled in this program take part in activities that support learning in the areas of personal care, social skills, communication, and academic reinforcement. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

33. As to Paragraph 32 of the Complaint, the District admits that its decision letter denying E.T.'s participation in the District's permissive summer school program was sent to the Plaintiffs on or about May 30, 2025. The District lacks knowledge

and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

34. As to Paragraph 33 of the Complaint, the District admits that the letter contains the excerpted quotes. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

35. As to Paragraph 34 of the Complaint, the District admits that the decision included credibility determinations and also determined whether credible evidence existed. The District lacks knowledge and information sufficient to form a belief regarding the truth or falsity of the remaining allegations and therefore denies same.

## FIRST ALLEGED CLAIM FOR RELIEF

36. As to Paragraph 35 of the Complaint, there are no allegations to which a response is required. To the extent that a response is required, the District denies the allegations.

37. As to Paragraph 36 of the Complaint, the District denies the allegations.

38. As to Paragraph 37 of the Complaint, the District denies the allegations.

39. As to Paragraph 38 of the Complaint, the District admits the allegations.

40. As to Paragraph 39 of the Complaint, the District denies the allegations.

41. As to Paragraph 40 of the Complaint, the District admits that in reviewing the administrative record, the district court is required to give "due weight" to the results of the administrative proceedings and not "substitute its own notions of sound educational policy for those of the school authorities," whose decision it is reviewing. The District denies any and all remaining allegations.

42. As to Paragraph 41 of the Complaint, the District denies the allegations.

43. As to Paragraph 42 of the Complaint, the District denies the allegations.

44. As to Paragraph 43 of the Complaint, the District denies the allegations.

45. As to Paragraph 44 of the Complaint, the District denies the allegations.

46. As to Paragraph 45 of the Complaint, the District denies the allegations.

47. As to Paragraph 46 of the Complaint, the District denies the allegations.

48. As to Paragraph 47 of the Complaint, the District denies the allegations.

49. As to Paragraph 48 of the Complaint, the District denies the allegations.

## **SECOND ALLEGED CLAIM FOR RELIEF**

50. As to Paragraph 49 of the Complaint, there are no allegations to which a response is required. To the extent that a response is required, the District denies the allegations.

51. As to Paragraph 50 of the Complaint, the District admits the allegations.

52. As to Paragraph 51 of the Complaint, the District denies the allegations.

53. As to Paragraph 52 of the Complaint, the District denies the allegations.

54. As to Paragraph 53 of the Complaint, the District denies the allegations.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiffs failed to set forth a claim upon which relief can be granted.

2. The Plaintiffs claims are barred by waiver and estoppel.

3. The Plaintiffs lack standing to seek their desired residential educational placement.

4. The Plaintiffs' request for their desired placement is moot because the District is no longer the local educational agency.

# COUNTERCLAIM – ATTORNEYS' FEES AND COSTS
# RELIEF UNDER THE IDEA (20 U.S.C. § 1415(i)(3)) AND WIS. STAT. § 115.80(9))

1. The District repeats and reasserts its responses to each of the Plaintiffs' allegations above as if fully set forth herein.

2. As the prevailing party in this matter, the District is entitled to reasonable attorneys' fees and costs "against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II).

3. Continued litigation of this matter is frivolous, unreasonable and without foundation.

4. As the prevailing party in this matter, the District is entitled to reasonable attorneys' fees and costs "against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

5. Upon information and belief, the continued litigation of this matter is for an improper purpose, including to needlessly increase the cost of litigation.

WHEREFORE, the District respectfully requests that the Court enter Judgment in favor of the District and against the Plaintiffs, as follows:

    A. That the Court uphold the Administrative Law Judge's Decision and Order it its entirety;

B. That the Court award reasonable attorneys' fees and costs to the District as the prevailing party, pursuant to 20 U.S.C. 1415(i)(3)(B)(i)(II) and (III).

C. That the Court award any other relief that the Court deems necessary and proper.

Dated this 24th day of October, 2025.   RENNING, LEWIS & LACY, S.C., Attorneys for the Kenosha Unified School District

s/ Jenna E. Rousseau
Jenna E. Rousseau, SBN 1065236

Direct Contact:
205 Doty Street, Suite 201
Green Bay, WI 54301
Ph. 920.283.0708
jrousseau@law-rll.com